UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARAM RADIF, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-1535 |
| | § | |
| AMAZON.com Services LLC, | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT
AND AFFIRMATIVE AND OTHER DEFENSES,
<u>SUBJECT TO DEFENDANT'S PARTIAL MOTION TO DISMISS</u>**

TO THE HONORABLE COURT:

Defendant Amazon.com Services LLC, by and through its counsel, files this Original Answer to Plaintiff Aram Radif's Original Complaint (the "Complaint") Subject to Defendant's Partial Motion to Dismiss (filed herewith) and respectfully states the following:[1]

**FIRST DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendant makes the following responses to the respective designated and numbered allegations set forth in the Complaint:

1.01    Defendant admits only that Plaintiff seeks damages and costs against Defendant for alleged workplace discrimination and retaliation but denies that Plaintiff's claims have any merit

---

[1] Defendant recognizes that the weight of applicable authority interprets Federal Rule of Civil Procedure 12(a)(4) to automatically extend Defendant's time to file its Answer until fourteen (14) days after the Court's ruling on its Partial Motion to Dismiss. However, in an abundance of caution, Defendant files this Answer subject to, and without waiving the relief requested in, its Partial Motion to Dismiss.

in fact or in law and further denies that Plaintiff is entitled to any such relief. Defendant denies each and every other allegation set forth in Paragraph 1.01 of the Complaint.

2.01   Defendant lacks information and knowledge sufficient to form a belief about the allegations set forth in Paragraph 2.01 and therefore effectively denies each and every allegation set forth in Paragraph 2.01 of the Complaint.

2.02   Defendant admits only that Amazon.com Services LLC is a foreign limited liability company conducting business in Frisco, Texas with its principal place of business in Seattle, Washington, and that may be served with process according to the information on file with the Texas Secretary of State. Amazon denies the remaining allegations in Paragraph 2.02 of the Complaint.

3.01   Defendant admits only that this Court has federal question and supplemental jurisdiction over certain of Plaintiff's causes of action, respectively, but denies that such claims have any basis in fact or in law. Amazon denies each and every remaining allegation set forth in Paragraph 3.01 of the Complaint.

3.02   Defendant admits only that venue for this lawsuit is proper in the Northern District of Texas, but denies that it engaged in any unlawful employment practices with respect to Plaintiff. Amazon denies each and every remaining allegation set forth in Paragraph 3.02 of the Complaint.

4.01   Defendant admits only that Plaintiff filed a Charge of Discrimination alleging retaliation and discrimination on the basis of his national origin and religion in violation of Title VII of the Civil Rights Act of 1964 with the U.S. Equal Employment Opportunity Commission (the "EEOC") and the Texas Workforce Commission on November 24, 2021 and that the EEOC issued a Notice of Right to Sue on April 10, 2023. Defendant denies each and every remaining allegation set forth in Paragraph 4.01 of the Complaint.

4.02    Defendant lacks information and knowledge sufficient to form a belief about the allegations set forth in Paragraph 4.02 and therefore effectively denies each and every allegation set forth in Paragraph 4.02 of the Complaint.

4.03    Defendant lacks information and knowledge sufficient to form a belief about the allegations set forth in Paragraph 4.03 and therefore effectively denies each and every allegation set forth in Paragraph 4.03 of the Complaint.

4.04    Defendant admits the allegations set forth in Paragraph 4.04 of the Complaint only as to those causes of action properly raised and exhausted in a timely filed Charge of Discrimination. Defendant denies the allegations set forth in Paragraph 4.04 of the Complaint as to any causes of action not properly raised and exhausted in a timely filed Charge of Discrimination and further denies each and every remaining allegation set forth in Paragraph 4.04 of the Complaint.

5.01    Defendant admits only that Defendant employed Plaintiff as a Human Resources Business Partner from April 27, 2020 until the termination of his employment effective October 20, 2021. Defendant denies each and every remaining allegation set forth in Paragraph 5.01 of the Complaint.

5.02    Defendant denies each and every allegation set forth in Paragraph 5.02 of the Complaint.

5.03    Defendant admits only that Plaintiff lodged complaints during his employments. Defendant denies each and every remaining allegation set forth in Paragraph 5.03 of the Complaint.

5.04    Defendant admits only that Plaintiff took an approved leave of absence under the Family and Medical Leave Act from September 20, 2021 through October 10, 2021, with a return

to work date of October 11, 2021; that Plaintiff never returned to work; that Amazon terminated Plaintiff's employment effective October 20, 2021 for reasons unrelated to his leave of absence; that Plaintiff filed a Charge of Discrimination with the EEOC; and that he has filed the instant action within two years of his termination. Defendant lacks information and knowledge sufficient to form a belief about the remainder of the allegations set forth in Paragraph 5.04 and therefore effectively denies each and every remaining allegation set forth in Paragraph 5.04 of the Complaint.

6.01    Defendant incorporates by reference all responses to the respective proceeding paragraphs in response to Paragraph 6.01 of the Complaint as though set forth separately herein.

6.02    Defendant lacks information and knowledge sufficient to form a belief about Plaintiff's national origin and therefore effectively denies this allegation. Defendant denies each and every remaining allegation set forth in Paragraph 6.02 of the Complaint.

6.03    Defendant denies each and every allegation set forth in Paragraph 6.03 of the Complaint.

6.04    Defendant denies each and every allegation set forth in Paragraph 6.04 of the Complaint.

6.05    Defendant denies each and every allegation set forth in Paragraph 6.05 of the Complaint.

6.06    Defendant denies each and every allegation set forth in Paragraph 6.06 of the Complaint.

6.07    Defendant denies each and every factual allegation set forth in Paragraph 6.07 of the Complaint. While the remaining statement of law as to the provisions of Section 21.051 of the

Texas Labor Code requires no response, to the extent a response is required, Defendant denies each and every allegation therein.

6.08   Defendant denies each and every allegation set forth in Paragraph 6.08 of the Complaint.

6.09   Defendant denies each and every allegation set forth in Paragraph 6.09 of the Complaint.

7.01   Defendant incorporates by reference all responses to the respective proceeding paragraphs in response to Paragraph 7.01 of the Complaint as though set forth separately herein.

7.02   Defendant lacks information and knowledge sufficient to form a belief about Plaintiff's religion and therefore effectively denies this allegation. Defendant denies each and every remaining allegation set forth in Paragraph 7.02 of the Complaint.

7.03   Paragraph 7.03 sets forth a statement of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 7.03 of the Complaint.

7.04   Defendant denies each and every allegation set forth in Paragraph 7.04 of the Complaint.

7.05   Defendant denies each and every allegation set forth in Paragraph 7.05 of the Complaint.

8.01   Defendant incorporates by reference all responses to the respective proceeding paragraphs in response to Paragraph 8.01 of the Complaint as though set forth separately herein.

8.02   Defendant admits only that Plaintiff lodged several complaints during his employment. Defendant denies each and every remaining allegation set forth in Paragraph 5.03 of the Complaint.

8.03    Paragraph 8.03 sets forth a statement of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 8.03 of the Complaint.

8.04    Defendant denies each and every allegation set forth in Paragraph 8.04 of the Complaint.

8.05    Defendant denies each and every allegation set forth in Paragraph 8.05 of the Complaint.

9.01    Defendant incorporates by reference all responses to the respective proceeding paragraphs in response to Paragraph 9.01 of the Complaint as though set forth separately herein.

9.02    Defendant denies each and every allegation set forth in Paragraph 9.02 of the Complaint.

10.01   Defendant incorporates by reference all responses to the respective proceeding paragraphs in response to Paragraph 10.01 of the Complaint as though set forth separately herein.

10.02   Defendant admits the allegations set forth in Paragraph 10.02 of the Complaint.

10.03   Defendant admits the allegations set forth in Paragraph 10.03 of the Complaint.

10.04   Defendant lacks information and knowledge sufficient to form a belief about the allegations set forth in Paragraph 10.04 and therefore effectively denies each and every allegation set forth in Paragraph 10.04 of the Complaint.

10.05   Defendant denies each and every allegation set forth in Paragraph 10.05 of the Complaint.

10.06   Defendant denies each and every allegation set forth in Paragraph 10.06 of the Complaint.

10.07   Paragraph 10.07 sets forth a statement of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 10.07 of the Complaint.

10.08   Defendant denies each and every allegation set forth in Paragraph 10.08 of the Complaint.

11.01   Defendant admits that Plaintiff has requested a jury trial in Paragraph 11.01 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in his "Prayer." Each and every other allegation set forth in the Complaint that is not expressly admitted herein is denied.

### THIRD DEFENSE

Claims asserted by Plaintiff are subject to applicable statutory and constitutional caps and other limitations.

### FOURTH DEFENSE

To the extent Plaintiff asserts claims based on conduct falling outside of the applicable statute of limitation, such claims are barred.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Claimant's allegations and/or claims exceed the scope of any administrative charge filed and the scope of the administrative agency's investigation reasonably expected to result from such charge.

### SIXTH DEFENSE

All actions taken by Defendant with respect to Plaintiff, if any, were based on legitimate, non-discriminatory, non-retaliatory business reasons, and would have been made regardless of

Plaintiff's religion, national origin, disability, other protected category, exercise of rights under the Family and Medical Leave Act, or any alleged protected activity by Plaintiff (individually and/or in any combination thereof).

### SEVENTH DEFENSE

Plaintiff's protected activity, if any, was not a determinative factor in any decision made by Defendant concerning Plaintiff or in any action taken by Defendant with respect to Plaintiff's employment.

### EIGHTH DEFENSE

At all times, Defendant exercised reasonable care to prevent and correct any harassing behavior of which Defendant had notice, and plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities made available and provided by Defendant.

### NINTH DEFENSE

Defendant lacked actual or constructive knowledge of any allegedly wrongful acts by its employees, if any.

### TENTH DEFENSE

Plaintiff must mitigate any and all alleged damages, and Defendant is entitled to an offset for any amount(s) that was or could have been mitigated by Plaintiff through reasonable efforts.

### ELEVENTH DEFENSE

Defendant's conduct, if any, was not willful, knowing or intentional and Defendant did not engage in any action, if any, with malice or reckless indifference to the rights of Plaintiff.

### TWELFTH DEFENSE

At all times relevant, Defendant acted in good faith and with reasonable care towards Plaintiff. Defendant alternatively pleads that it is not liable for the conduct of Defendant's

employees or agents, if any, where such conduct is outside the course and scope of such employees' employment or agency with Defendant, if any, and was contrary to Defendant's good faith efforts to comply with all applicable laws.

### THIRTEENTH DEFENSE

To the extent Defendant acquires any evidence of wrongdoing by Plaintiff during the course of this litigation that would have materially affected the terms and conditions of Plaintiff's employment or that would have resulted in Plaintiff either being disciplined or terminated, such after-acquired evidence shall bar and/or limit the amount of damages that Plaintiff can recover on his claims, assuming he is able to establish liability, which Defendant does not concede.

Defendant reserves the right to plead additional defenses as they become known through discovery or investigation.

### CONCLUSION

Having fully answered, Defendant prays that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant, that Defendant recover against Plaintiff all costs, expenses, and reasonable attorneys' fees incurred by Defendant, and such other and further relief, general or specific, in law or in equity, as the Court deems just and proper.

Dated: October 23, 2023

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Lauren A. West*
Lauren A. West, Bar No. 24070831
1717 Main Street, Suite 3200
Dallas, Texas 75201
Telephone: 214-466-4000
Facsimile: 214-466-4001
lauren.west@morganlewis.com

Anna M. Robshaw, Bar No. 24107978
1000 Louisiana Street, Suite 4000

9

            Houston, Texas 77002
            Telephone: 713-890-5000
            Facsimile: 713-890-5001
            anna.robshaw@morganlewis.com

            ***Attorneys for Defendant Amazon.com Services LLC***

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 23, 2023, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

                                                      */s/ Anna M. Robshaw*
                                                      Anna M. Robshaw